**In re The D. M. CHRISTIAN COMPANY, Debtor.**

**Bankruptcy No. 80–00258–W.**

United States Bankruptcy Court, N. D. West Virginia.

Oct. 23, 1980.

---

**2.** This appears to be a proposition surrounded by some grave doubt.

Howard L. Sokolsky, Nadler, Sokolsky, Bahas & Balantzow Co., L. P. A., Cleveland, Ohio, for Debtor.

John W. Wolf, Saginow, Mich., and James F. Companion, Schrader, Stamp & Recht, Wheeling, W.VA., for William E. Upham.

Katherine Kalinowski, Elliot Pinta, Washington, D. C., for U. S. Securities and Exchange Commission.

## MEMORANDUM OPINION

JOHN H. KAMLOWSKY, Bankruptcy Judge.

The D. M. Christian Company, a corporation, (hereinafter called Christian) filed a voluntary Chapter 11 petition in this District May 27, 1980 and as of that date, Christian was the operator of a retail department store located in Owosso, Michigan.

On October 16, 1980 William E. Upham, et al., filed an application to purchase the entire inventory and all of the fixtures of Christian. Christian has no other tangible assets. Thus, the granting of the application will result in a complete liquidation of Christian's tangible assets.

11 U.S.C. § 1123(a)(5) sets forth that a plan proposed under the provisions of Chapter 11 may provide for the sale of all or any part of the property of the debtor's estate.

11 U.S.C. § 1125(b) states, *inter alia*, that an acceptance or rejection of a plan may not be solicited after the commencement of a case unless at the time of or before such solicitation, there is transmitted to the holders of claims or interests a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

What is proposed here is a liquidation of the debtor's tangible assets under the provisions of Chapter 11. I am of the opinion that the Congress of the United States has mandated through the enactment of 11 U.S.C. § 1125(b) that a condition precedent to a liquidating plan is the preparation of a written disclosure statement, approval of same by the Court, and the transmittal of same to the creditors. The disclosure hearing required by 11 U.S.C. § 1125(b) "will be one of, if not the major procedural hearing in a reorganization case." Hearings on H.R. 31 and H.R. 32 before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary, 94th Cong., 1st and 2d Sess., ser. 27 pt. 3, at 1940 (1975–76), as cited in House Report 95–595, 95th Cong., 1st Sess. 227 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. It will take the place of the approval hearing formerly conducted in a case under Chapter X of the 1898 Act. House Report No. 95–595, 95th Cong., 1st Sess. 227 (1977). 11 U.S.C. § 1125 is the "heart of the consolidation of the various reorganization chapters found in current law." House Report No. 95–595, 95th Cong., 1st Sess. 408 (1977), U.S.Code Cong. & Admin.News 1978, p. 6364. "The key to the consolidated chapter (Chapter 11) is the disclosure section (§ 1125)". House Report 95–595, 95th Cong., 1st Sess. 226 (1977), U.S.Code Cong. & Admin.News 1978, p. 6185.

I recognize that in the instant matter that compliance with 11 U.S.C. § 1125(b) may be time-consuming and time is of the

essence for the offer proposed may be withdrawn to the detriment of the creditors and parties in interest. However, I am of the opinion and do find that under the existing factual situation, the application to purchase the tangible assets of Christian should not be granted for, in effect, this would be a complete liquidation, not in the ordinary course of business, of a Chapter 11 debtor's assets and the application to purchase is, in reality, a part of a liquidating plan and same cannot be accomplished unless there is strict compliance with 11 U.S.C. § 1125(b). It is accordingly

SO ORDERED.